932 So.2d 620 (2006)
Jerry Layne ROGERS, Appellant,
v.
STATE of Florida, Appellee.
Jerry Layne Rogers, Appellant,
State of Florida, Appellee,
Jerry Layne Rogers, Appellant,
State of Florida, Appellee.
Nos. 5D06-979 to 5D06-981.
District Court of Appeal of Florida, Fifth District.
July 7, 2006.
*621 Jerrel E. Phillips, Tallahassee and Timothy C. Hester, John H. Fuson, and Ashley K. Lunkenheimer of Covington & Burling, Washington, DC, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., Senior Judge.
Rogers appeals from the trial court's summary denial of his three motions filed pursuant to Florida Rule of Criminal Procedure 3.850, in case numbers 1982-CF-1939, 1982-CF-1963, and 1982-CF-1988. The trial court rendered three separate denial orders and Rogers filed an appeal for each. Although the files are traveling together in this court because the issue presented in each appeal is identical, they have not been consolidated. However, a consolidated opinion is being issued for all three appeals for disposition by this court and we affirm.
In each of these appeals, Rogers seeks to collaterally attack criminal convictions,[1] by claiming that findings made by the Florida Supreme Court in a different criminal case involving Rogers, constitute newly discovered evidence sufficient to overcome the two-year time bar for seeking 3.850 relief which would otherwise foreclose the instant attacks. See generally Fla. R.Crim. P. 3.850(b)
In the early 1980s, Rogers embarked on a series of armed robberies, or attempts thereof, with McDermid (hereinafter "the *622 Interstate 4 robberies"). In one such attempt at a Winn-Dixie store (hereinafter "the Winn-Dixie case"), Rogers was also charged with murder and was originally sentenced to death. The judgment and sentence were affirmed by the Florida Supreme Court on appeal. See Rogers v. State, 511 So.2d 526 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). That case did not form the basis for any of the charges in the cases involved in this proceeding.
In early 1990, Rogers brought a collateral attack on his first degree murder conviction and death sentence in the Winn-Dixie case via rule 3.850. After several amendments to the motion, and various legal rulings on the same, the Florida Supreme Court ultimately ruled in favor of Rogers on Brady grounds in a February 15, 2001, opinion.[2]Rogers v. State, 782 So.2d 373 (Fla.2001).
Regarding the merits of the Brady claim, the Florida Supreme Court remanded for a new trial in the Winn-Dixie case concluding:
The materials that the State withheld from Rogers are bedrock Brady materials of the sort upon which many courts have relied in ordering new trials. We conclude that the individual as well as the cumulative effect of the suppression of the materials . . . indeed undermines confidence in the outcome of the trial.
Rogers, 782 So.2d at 385.
The trial court in this proceeding summarized the supreme court's findings regarding the Brady materials as follows:
[T]he State had in its possession at the time of trial extensive documents related to the police investigation of the Interstate 4 robberies; that this withheld evidence was material to the Defendant's defense and potentially exculpatory; that the withheld evidence could have been used to impeach the testimony of McDermid and other witnesses; and the withheld evidence would have allowed the Defendant to show that someone else was a principal suspect in the Interstate 4 robberies.
Rogers argues in the instant appeals that the Brady violations found by the Florida Supreme Court to have occurred in the Winn-Dixie case provide valid, newly discovered evidence to challenge the three criminal convictions implicated in these appeals because those same Brady violations occurred in (and had the same impact upon) his trials in the instant cases. In particular, Rogers asserts that his principal defense at all three trials was that McDermid had falsely accused Rogers of being his accomplice to cover up the identity of McDermid's true accomplice(s) in these crimes. Thus, the State's failure to turn over in the instant cases the same exculpatory materials it failed to turn over in the Winn-Dixie case undermines confidence in the outcome of the instant cases.
The trial court found that the motions were procedurally barred by the two-year time period for filing rule 3.850 motions and that the exception articulated in rule 3.850(b)(1) based on newly discovered evidence did not apply.
Obviously, the two years since the date of the criminal judgments became final in each of these three cases has long since passed. The only question is whether the exception for newly discovered evidence is applicable.
We agree with the trial court that the findings of the supreme court in the 2001 capital collateral attack proceeding in the Winn-Dixie case do not constitute new facts. Rather, the facts behind those fact *623 findings could constitute newly discovered evidence for collateral attack purposes. However, these facts were known by Rogers in 1990 when he brought the 3.850 proceeding in St. Johns County, to attack the Winn Dixie conviction. These three 3.850 proceedings were commenced when Rogers filed his motions, all on the same day, February 12, 2003. This is more than two years after Rogers must have known about this Brady material, in 1989 or at the latest in 1991, when he was prosecuting his collateral attack in the Winn-Dixie case.
Rogers argues that these motions are timely because they were filed within two years after the supreme court's decision in the Winn-Dixie case  decided in 2001. See Swafford v. State, 828 So.2d 966 (Fla. 2002) (a 3.850 motion based on newly discovered evidence must be filed within two years of the time when the information could have been discovered through the exercise of due diligence.). However, it is not the court's decision which creates new facts, it is the fact of the withheld evidence that logically is the newly discovered evidence.
Furthermore, Rogers has previously asserted these Brady claims in at least one of these three cases.[3] In Case 1982-CF-1963, a 3.850 motion was filed on April 23, 1997, alleging that the State violated the dictates of Brady by failing to turn over the same exculpatory materials that the Supreme Court would later conclude were "bedrock" Brady materials in the Winn-Dixie case. The trial court denied this motion and this court affirmed. Rogers v. State, 741 So.2d 510 (Fla. 5th DCA 1999).[4] Thus, in addition to further demonstrating the untimeliness of the instant rule 3.850 motions, it appears the instant motions could be denied by the trial court and affirmed by this court as successive. See generally State v. McBride, 848 So.2d 287 (Fla.2003).
AFFIRMED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] Case No.1982-CF-1939November 5, 1983 conviction, two counts of armed robbery with a firearm, per curiam affirmed by this court, Rogers v. State, 461 So.2d 958 (Fla. 5th DCA 1984); Case No.1992-CF-1963, March 4, 1983 conviction, armed robbery of a Captain D's, per curiam affirmed by this Court, Rogers v. State, 447 So.2d 1369 (Fla. 5th DCA 1984); Case No.1982-CF-1988, December 3, 1982 conviction, armed robbery of Daniel's Market, per curiam affirmed by this Court, Rogers v. State, 447 So.2d 1369 (Fla. 5th DCA 1984).
[2] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[3] A fact which Rogers has acknowledged in the instant appeal.
[4] Rogers, in fact, contends that the Brady arguments raised in case number 1982-CF-1963 in 1997 were also raised in case numbers 1982-CF-1939 and 1982-CF-1988 in 1997 and 1998, however, "all three motions were denied . . . before the Florida Supreme Court established the facts that are the basis of the current motions." The trial court was unable to locate the rule 3.850 motions filed in "1997 and 1998" in case numbers 1982-CF-1939 and 1982-CF-1988.